## R. S. DILWORTH V. THE STATE.

No. 16713.   Delivered May 23, 1934.

The opinion states the case.

*Linden & Linden, Leonard Brown,* and *W. H. Blanton,* all of San Antonio, and *Dibrell, Mosheim & Campbell,* of Seguin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving deposits in an insolvent bank; the punishment, confinement in the penitentiary for two years.

The trial was had in Guadalupe County on a change of venue from Gonzales County.

We deem it necessary to discuss but one question, and that is appellant's exception to paragraph 9 of the court's charge, which paragraph reads as follows:

"You are instructed that the owners of a private bank, doing a general banking business, assent, in law, to the receipts of deposits into said bank by the various employees, though said owners may not be present when the deposits were received, did not expressly authorize them, and had no actual knowledge thereof."

In determining whether the quoted charge should work a reversal of the judgment, it is necessary to consider the testimony adduced upon the trial. It was the State's theory, given support in the evidence, that C. E. Dilworth, Everett Lawley and R. S. Dilworth, as owners of a private bank engaged in the general banking business in the town of Gonzales, assented to the reception of a deposit of sixty dollars in money from August Schindler after they knew that the bank and owners thereof were insolvent. It appears to have been uncontroverted that C. E. Dilworth bought most of appellant's interest in the bank in 1923, which was eight years prior to the date it was alleged the deposit in question was received. According to appellant's testimony, at the time of the sale, C. E. Dilworth requested that he (appellant) retain $500 interest, it being agreed between the parties that appellant was to take no active part in the management of the bank, and that C. E. Dilworth could close his (appellant's) interest out at any time he desired. Two months prior to the time that the deposit was received appellant, according to his testimony, surrendered his key to the bank to C. E. Dilworth. It was appellant's further contention that C.

E. Dilworth had purchased his entire interest sometime prior to the date the deposit was alleged to have been received. In any event, it appears to have been uncontroverted that appellant's interest at the time did not exceed $500. Thus it was appellant's theory, given support in the testimony, that he had nothing to do with keeping the bank open after the sale of the greater portion of his interest to his brother, that he had not actively participated in the management of the bank for many months, and that he had no control of the employees of the bank. The court no doubt had in mind the case of Brown v. State, 162 S. W., 339, when the charge in question was framed. In that case it was held that a banker who, being the sole proprietor of a private bank, opens its doors and solicits business and puts officers in charge, should be held in law to have given his assent to each and every deposit received so long as he holds himself out as doing this character of business. The situation presented in Brown v. State, supra, is distinguishable from that found in the present case. Brown was the sole proprietor of the bank. He employed agents who kept the bank open under his directions. While it is true that an owner of a private bank may be held responsible either civilly or criminally for assenting to the reception of deposit in his insolvent bank it does not follow that a nominal copartner, who participates in no manner in the management of the bank, does not hire the employees, has nothing to do with keeping the bank upon, but merely takes no steps toward closing it, should be held criminally liable for assenting to the reception of a deposit merely because the bank is kept open by the owner in charge. The charge in effect destroyed one of appellant's defenses, that is, that he had nothing to do with the bank keeping open for business, nothing to do with its affairs, and did not assent to the reception of the deposit. Under the circumstances reflected by the record, we are constrained to hold that the matter presents reversible error.

We doubt the propriety of receiving in evidence the written appraisement of appellant's estate made by appraisers appointed by the Federal Court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals. and approved by the Court.